

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

March 9, 2010

Elmer C. Wehrle
26 Old Chestnut Ridge Road
Montvale, NJ 07645

    (*Plaintiff*)

Martin W. Aron
Edwards, Angell, Palmer & Dodge, LLP
One Giralda Farms
Madison, NJ 07940

    (*Attorney for Defendant Western Union*)


    **RE:**    Wehrle v. Phillips
                  Civ. No. 08-1461 (WJM)

Dear Parties:

    This matter comes before the Court on Defendant Western Union's motion for summary judgment. Plaintiff Elmer C. Wehrle's response to this motion consists of a three-page letter to the court filed on January 14, 2010. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Elmer C. Wehrle submitted his resume to Defendant Western Union sometime in early 2007.  Pl.'s Compl.  This resume contained details of his work history and experience, but did not list any dates of employment.[1]  Despite the fact that no dates were listed, Defendant Western Union expressed an interest in interviewing him for the position of Director of Marketing Development for the New York/New Jersey region (the "DMD position").  Decl. of Susan Phillips, ¶ 3. Defendant Susan Phillips, the Western Union employee responsible for conducting this job search, requested a revised resume which listed the dates of employment on February 9, 2007.  *Id. at* ¶ 4.  After receiving the revised resume, Defendants ceased contact with Plaintiff about the position.[2]  *Id. at* ¶ 7.  Defendants contend they were looking for a candidate with more recent corporate experience and have provided the Court with a copy of the resume of the person hired for the DMD position in support of this claim.[3]  *Id. at* ¶ 7, Ex. E.

Plaintiff believes that once Defendants saw the dates of employment on his updated resume, they were able to approximate Plainitiff's age, and from that calculation, deemed Plaintiff too old to work for Western Union.  Pl.'s Compl.  Plaintiff alleges that Defendants discriminated against him on the basis of age.[4]  *Id.*  Defendant Western Union asserts that its reason for not hiring Plaintiff is his lack of recent relevant work experience and filed a motion for summary judgment on October 12, 2009.  Plaintiff filed a letter in response on January 14, 2010, explaining why summary judgment should not be granted.  Pl.'s Resp. to Mot. for Summ. J.  Plaintiff's response clarifies, but ultimately restates, his original position: that because Defendant Western Union was interested in him when the

---

[1] In the "Professional Experience" section of his undated resume, Plaintiff first lists Greybarn, Ltd., a company that Plaintiff is president and founder of; followed by positions held with Citicorp, JBS, Inc., Northwest Industries, Pepsi Cola Company, and American Express.  Decl. of Susan Phillips, Ex. A.

[2] The updated resume shows that Plaintiff's last position with a company other than Greybarn, Ltd. was in 1987.  Decl. of Susan Phillips, Ex. D

[3] Defendants claim that the hired candidate's resume shows relevant corporate experience from as recently as 2006.  Decl. of Susan Phillips, ¶ 8.

[4] Although Plaintiff never specifies which statute he suing under, in New Jersey, claims of age discrimination under the Age Discrimination and Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD") are evaluated using the same legal analysis.  *See DePiano v. Atlantic County*, 2005 WL 2143972, *9 (D.N.J. Sept. 2, 2005) (*citing Monaco v. American General Assurance Co.*, 359 F.3d 296 (3d Cir. 2004)).

work experience section of his resume did not contain dates, and ceased contact after receiving a copy with dates, the only conclusion this Court can reach is that Defendants discriminated against Plaintiff based on his age.  *Id.*

## II.   DISCUSSION

Before the Court now is Defendant Western Union's motion for summary judgment.

### A.   Summary Judgment Standard for Claims of Age Discrimination

Summary judgment is appropriate where the moving party is able to demonstrate that there is no genuine dispute as to any material facts and that judgment is appropriate as a matter of law.  Fed. R. Civ. P. 56(c).  When determining if summary judgment is appropriate in age discrimination cases, this Court uses the *McDonnell-Douglas*[5] three-step burden-shifting framework.  *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009).

Under the *McDonnell-Douglas* framework, if Plaintiff establishes a prima facie case of age discrimination, the burden of production, but not persuasion, shifts to the Defendant to offer sufficient credible evidence to support a finding that Defendant had a legitimate, nondiscriminatory reason for the adverse employment decision.  *Dunleavy v. Montville Township*, 192 Fed.Appx. 100, 101 (3d Cir. 2006).  Once Defendant satisfies its "relatively light burden", the burden of production shifts back to Plaintiff, who, to survive summary judgment, must prove by a preponderance of the evidence that the legitimate nondiscriminatory reason articulated by Defendant is not the true reason for the employment decision, but rather, a pretext for discrimination.  *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

At this stage in the *McDonnell-Douglas* analysis, Plaintiff may not "rely merely upon bare assertions, conclusory allegations or suspicions," but must "set forth specific facts showing that there is a genuine issue for trial."  *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).  If Plaintiff fails to meet this "rigorous standard", summary judgment is appropriate.  *Dunleavy v. Montville Township*, 2005 WL 1917610, *3-5 (D.N.J. Aug. 9, 2005).  It should be further noted that it is not this Court's role to second-guess an employer's business judgment as to who is more qualified for the position.  *Dungee v. Northeast Foods, Inc.*, 940 F. Supp. 682, 689 (D.N.J. 1996).

---

[5] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

3

### B. Analysis of Plaintiff's Claims Using the McDonnell-Douglas Framework

Analyzing the facts of this case using the *McDonnell-Douglas* analysis, Plaintiff Wehrle must first set out facts that establish a *prima facie* case of age discrimination. For purposes of its summary judgment motion, Defendant Western Union concedes that Plaintiff has met this burden. Def.'s Br. in Supp. of Mot. for Summ. J., at 11. Plaintiff therefore successfully shifted the burden of production to Defendant to offer a legitimate, non-discriminatory reason for not hiring Plaintiff.

Defendant Western Union has presented this Court with a legitimate explanation for not hiring Plaintiff. As noted earlier, Plaintiff's last relevant corporate experience was in 1987. Moreover, the person Defendant Western Union eventually hired had more recent, relevant experience. Defendant's proffered reason for not hiring Plaintiff is a legitimate, non-discriminatory reason. *See Dunleavy*, 192 Fed. Appx. 100, 102. (Defendants' decision not to hire Plaintiff because he lacked recent, relevant work experience was a legitimate, nondiscriminatory reason); *accord Dungee at* 689. Defendant therefore successfully shifted the burden of production back to Plaintiff.

Presently, the burdens of production and persuasion are with Plaintiff. Plaintiff failed to timely file a response to Defendant's motion for summary judgment. However, even assuming *arguendo* that Plaintiff's January 14. 2010 letter was timely, he still has not set forth specific facts showing there is a genuine issue for trial. In order for Plaintiff to survive summary judgment, he must present evidence of discrimination beyond his own conclusory and subjective beliefs that Western Union's stated reasons for not hiring him are actually a pretext for discrimination. *See Hunter v. Rowan University*, 299 Fed. Appx. 190, 194 (3d Cir. 2008). From the outset of the case, Plaintiff has relied solely on the fact that because Western Union ceased contact with Plaintiff about a potential interview once they received his resume with dates of employment, the only possible explanation is that they determined he was too old for the position. Plaintiff has not set forth any facts to support this suspicion. Plaintiff's conclusion that Defendant's proffered reason is really a pretext for discrimination continues to rest upon speculation only. Moreover, it is not this Court's role to second guess Defendant's business judgment. Accordingly, summary judgment is appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**. An order follows this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**
